DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Julie Cvek Curley, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

LIFSCHULTZ ESTATE MANAGEMENT LLC,          Chapter 11
                                                                             Case No. 16-23144 (RDD)
                                           Debtor.
-------------------------------------------------------------X

**AFFIDAVIT OF BRUCE S. ABBOTT PURSUANT TO**
**F.R.B.P. RULE 1007(d) AND LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK              )
                                                ) ss.:
COUNTY OF WESTCHESTER    )

BRUCE S. ABBOTT, being duly sworn, deposes and says:

1. I am the managing member of Lifschultz Estate Management LLC (the "<u>Debtor</u>"). As such, I am familiar with the Debtor's businesses and financial affairs.

2. I submit this Affidavit (a) in support of the Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (b) to assist the Court and other interested parties in understanding the circumstances giving rise to the commencement of the Chapter 11 case, and (c) to provide general information about the Debtor's business operations.

3. Part I of this Affidavit provides an introduction to the Debtor and its Chapter 11 case and describes the circumstances giving rise to the commencement of the Chapter 11 case.

Part II of this Declaration sets forth the information required by Local Bankruptcy Rule for the Southern District of New York ("Local Rule") 1007.

## PART I: INTRODUCTION

4. On August 23, 2016 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Since the Filing Date, the Debtor has remained in possession of its assets and continued to manage its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor is a member managed limited liability company organized under New York law. The two members of the Debtor are myself and my uncle, David Lifschultz.

6. The Debtor is the deed holder of a four (4) acre parcel of real property located at 220 Hommocks Road, Larchmont, New York 10538 (the "Property").

7. The Property was acquired in 1957 by my grandfather, Sidney Lifschultz, who was the patriarch of the Lifschultz trucking dynasty. After assuming leadership in the 1940s of the flagship transportation company, Lifschultz Fast Freight Inc., he expanded the business into an international freight forwarding service that pioneered railroad "piggybacking," in which tractor-trailers were loaded on flatbed rail cars. Sidney Lifschultz used the trucking deregulation of the 1980s to change Lifschultz Fast Freight into a company sending larger and larger amounts of freight over road instead of rail. But with larger companies taking advantage of deregulation to gain greater segments of the market, in 1987 Sidney Lifschultz and his son, David Lifschultz, filed a $1.8 billion antitrust suit against the three largest trucking companies in the country, which he pursued to the U.S. Supreme Court before giving up. Thereafter, Sidney Lifschultz moved what had become Lifschultz Industries into manufacturing before selling the company and pursuing a new venture in oil refining technology. At the time of his death in 2002, Sidney

2

Lifschultz was working on the present family technology investment, Genoil Inc., to develop with Conoco Philips a new oil refining technology to convert heavy oil into light oil at levels 25 percent more efficient than contemporary methods.

8.    Upon the passing Sidney Lifschultz, under his Last and Testament, the Property was to be divided equally in four (4) shares amongst his three children (my late mother Marcia Lifschultz Abbott, my uncle David Lifschultz, and my uncle Lawrence Lifschultz, each 25%) and myself (25%). Upon my mother's passing, her interest passed to me. My uncle Lawrence Lifschultz's interest in the Property was settled several years ago and he no longer has any interest in the Property. Thus, the remaining beneficiaries are myself and my uncle David Lifschultz.

9.    The Debtor was formed for the purpose of holding the deed for the Property, for its beneficiaries, myself and David Lifschultz, who are equal shareholders and members of the Debtor.

10.    On or about August __, 2016, the deed for the Property was transferred from Sidney Lifschultz to the Debtor, and was submitted for recording with the Westchester County Clerk on August __, 2016.

11.    The Property is subject to a $7.9 mortgage obtained by the Estate of Sidney Lifschultz (the "Lifschultz Estate") which originated with First Republic Bank, a Division of Merrill Lynch Bank & Trust Co., FSB ("First Republic"), and subsequently assigned to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust Assignee ("US Bank").

12.    In 2009, First Republic commenced a foreclosure action in Supreme Court of New York, Westchester County, encaptioned *First Republic Bank, a Division of Merrill Lynch Bank & Trust Co., FSB v. David Lifschultz, a Co-Executor of the Last Will and Testament of Sidney B.*

3

*Lifschultz, et al.,* Index No. 09-19182 (the "Foreclosure Proceeding").

13. First Republic obtained a Judgment of Foreclosure and Sale in the Foreclosure Proceeding, however, that judgment is subject to vacatur pursuant to an Order to Show Cause, which was filed in the Foreclosure Proceeding. First Republic has an obligation to fund the Lifschultz Estate for its expenses, and failed to do so, thereby breaching the terms of the mortgage and leading to the premature foreclosure action, hindering the Lifschultz Estate unable to sell the Property for its fair market value.

14. The Debtor intends and remains committed to efforts to monetize the unique and valuable Property. The Property is extremely valuable and is sited on one of the most scenic waterfront locations in Westchester County. This Property is located on a very private and secluded peninsula with priceless views of Long Island Sound and Larchmont Harbor. Situated on nearly a quarter mile of waterfront property, special features include an elegant gazebo, a deep water dock, magnificent swimming pool with pool house, regulation size grass tennis court, gym, and carriage house with four plus garages. A charming arbor and sweeping picturesque lawn and terraces fan out in all directions. The Property is currently listed for sale with Houlihan Lawrence, where it is listed for sale at $16 million. The Property is a also a unique opportunity for a developer to sub-divide the Property to develop several residential houses.

15. By this Chapter 11 filing, the Debtor intends to market and sell the Property, or alternatively to obtain such capital, or enter into a joint venture/plan of reorganization, within its 120 day exclusive period as permitted under the Bankruptcy Code and thereby satisfy the secured lender's claim.

## PART II: INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

16. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

17. The Debtor owns a four (4) acre residential parcel of real property located at 220 Hommocks Road, Larchmont, New York.

**Local Rule 1007-2(a)(2)**

18. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

19. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

20. A list of the names and addresses of each of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed as **Exhibit A.**

**Local Rule 1007-2(a)(5)**

21. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit B.**

**Local Rule 1007-2(a)(6)**

22. Upon information and belief, the Debtor does not have a recent balance sheet.

**Local Rule 1007-2(a)(7)**

23. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

24. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

25. The Debtor does not lease any real property.

**Local Rule 1007-2(a)(10)**

26. The Debtor's records are located at 220 Hommocks Road, Larchmont, New York 10538.

**Local Rule 1007-2(a)(11)**

27. The following actions or proceedings are pending concerning the Debtor:

> *First Republic Bank, a Division of Merrill Lynch Bank & Trust Co., FSB v. David Lifschultz, a Co-Executor of the Last Will and Testament of Sidney B. Lifschultz, et al.,* Supreme Court of New York, Westchester County, Index No. 09-19182

**Local Rule 1007-2(a)(12)**

28. The management consists of Bruce S. Abbott, managing member.

**Local Rule 1007-2(b)(1) and (2)**

29. The estimated (non-insider) monthly payroll for the thirty (30) day period following the Chapter 11 petition is $0.00

30. The anticipated salary for the members is $0 for the same thirty (30) day period.

**Local Rule 1007-2(b)(3)**

31. A monthly cash flow budget is annexed hereto as **Exhibit C**.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

_____
Bruce S. Abbott, Managing Member

Sworn to before me this
31st day of August, 2016


*/s/ Jonathan S. Pasternak*
Notary Public

# EXHIBIT A

## 20 Largest Unsecured Creditors

**NONE**

## EXHIBIT B

### Five Largest Secured Creditors

| Name of Creditor: | Estimated Amount: |
|---|---|
| US Bank Trust NA As Trustee for Lsf9 Participation Trust | $10,200,000 |

**EXHIBIT C**

## 30 Day Estimated Operating Budget
### (Cash Basis)

INCOME:                             $0.00

EXPENSES:

| | |
|---|---|
| Insurance (Est.) | $1,666 |
| Real Estate Taxes (Pro Rated) | $20,353.20 |
| Utilities | $2,300 |