# Exhibit "C"

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Lifschultz Estate Management, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 16-23144 (RDD) |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Lawrence Lifschultz
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Lawrence Lifschultz
Name

14 Squaw Brook Road
Number   Street

Branford                        CT           06405
City                            State        ZIP Code

Contact phone 203-640-1915

Contact email lawrence.lifschultz@gmail.com

Where should payments to the creditor be sent? (if different)

Name _____

Number   Street

City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/___
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

16-23144-rdd    Doc 35-3    Filed 01/06/17    Entered 01/06/17 13:32:28    Exhibit POC - Lifschultz    Pg 3 of 8
16-23144-rdd    Claim 2-1    Filed 12/09/16    Pg 2 of 6

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 12,684,512.67. Does this amount include interest or other charges?
Plus Reimbursement for professional fees and share of property damages to be determined.
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
See Rider I.

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

See Rider I annexed.

**9. Is all or part of the claim secured?**
☐ No
☒ Yes. The claim is secured by a lien on property. to the extent of $1,132,981.57 plus interest to be determined.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☒ Other. Describe: See Debtor's Disclosure Statement.

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____ TBD
Amount of the claim that is secured: $ 1,132,981.57
Amount of the claim that is unsecured: $ 12,684,512.67 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____ TBD

Annual Interest Rate (when case was filed) 9.00 %
☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/08/2016
                  MM / DD / YYYY

_Lawrence Lifschultz_
Signature

Print the name of the person who is completing and signing this claim:

Name    Lawrence Lifschultz
        First name        Middle name        Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number    Street

        _____
        City                        State    ZIP Code

Contact phone _____             Email _____

## RIDER I

**LAWRENCE LIFSCHULTZ'S CLAIM**

- Total damages to SIDNEY B. LIFSCHULTZ'S estate, in total, ranges from $12,221,214.00 to $17,084,469.00. (Note: Sidney B. Lifschultz died on the 11th day of October, 2002, leaving a Last Will & Testament dated the 31st day of January, 2001).

- Lawrence's share of these damages would be as much as $5,694,883.00 in principal amount plus interest as much as $4,770,825.00, for a total of $10,465,708.

- Damages to the Trust under Article 8th of CHARLOTTE K. LIFSCHULTZ'S Will was $3,415,187.00. (Note: Charlotte K. Lifschultz died on May 7, 2001, a resident of Larchmont, New York, leaving a Last Will & Testament, dated December 28, 1999).

- Lawrence's share of the 8th Trust damages would be as much as $1,138,395.67 in principal amount plus interest as much as $1,080,409.00, for a total of $2,218,804.67.

    **"Proof of Claim"** amount for **Lawrence Lifschultz** equals:

    $10,465,708.00 (Estate) + $2,218,804.67 (8th Trust) = **$12,684,512.67**\*

---

\* Plus share of property damages and legal fees to be determined.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | ESTATE OF SIDNEY LIFSCHULTZ | | | | | | |
| | CALCULATION OF INTEREST DUE ON | | | | | | |
| | $5,694,883.00 (PRINCIPAL AMOUNT) DUE LAWRENCE LIFSCHULTZ | | | | | | |
| | AT STATUTORY RATE OF 9% THROUGH 12 20 2014 & 1.5% THEREAFTER | | | | | | |
| | | | | | | | |
| | 2002 | | | | | | |
| | 2003 | | | | | | |
| | 2004 | | | | | | |
| | 2005 | | | | | | |
| | 2006 | | | | 512,539 | | |
| | 2007 | | | | 512,539 | | |
| | 2008 | | | | 512,539 | | |
| | 2009 | | | | 512,539 | | |
| | 2010 | | | | 512,539 | | |
| | 2011 | | | | 512,539 | | |
| | 2012 | | | | 512,539 | | |
| | 2013 | | | | 512,539 | | |
| 9%→12/20; 1.5% hence | 2014 | | | | 499,667 | | |
| FED RATE 1.5% | 2015 | | | | 85,423 | | |
| FED RATE 1.5% | 2016 | | | | 85,423 | | |
| TOTAL INTEREST DUE TO 12/31/16 | | | | | 4,770,825 | | |

| | ESTATE OF CHARLOTTE LIFSCHULTZ 8TH TRUST |
|---|---|
| | CALCULATION OF INTEREST DUE ON |
| | $1,138,395.67. DUE LAWRENCE LIFSCHULTZ |
| | AT STATUTORY RATE OF 9% THROUGH 12 2014 |
| OCTOBER 11, 2002 TO DECEMBER 31, 2002 | |
| 81/365 X 9% X $1,138,395.67 | 22,736 |
| 2003 | 102,455 |
| 2004 | 102,455 |
| 2005 | 102,455 |
| 2006 | 102,455 |
| 2007 | 102,455 |
| 2008 | 102,455 |
| 2009 | 102,455 |
| 2010 | 102,455 |
| ON $250,000 | |
| 2011 | 51,228 |
| 2012 | 51,228 |
| 2013 | 51,228 |
| 9%→12/20; 1.5% hence 2014 | 50,199 |
| FED RATE 1.5%   2015 | 17,075 |
| FED RATE 1.5%   2016 | 17,075 |
| TOTAL INTEREST DUE TO 12/31/16 | 1,080,409 |

## *Exhibit A*

1. Reimbursement for professional fees and expenses incurred and to be incurred, subject to amendment and allowance by Court; and

2. Such other claims as shall be allowed by the Court upon estimation or liquidation based upon an accounting prior to the effective date of a Plan of Liquidation, or such later date as allowed by the Court.

3. This claim is submitted without prejudice to Claimant in all respects. Nothing contained herein in support of Claimant's Proof of Claim shall be construed as limiting any of Claimant's rights, remedies and interests.

4. The filing of Claimant's Proof of Claim is not (i) a waiver or release of rights, remedies, and interests against any person, entity, or property; (ii) a consent by Claimant to the jurisdiction with respect to the subject matter of this claim, any objection, or other proceeding commenced in this case against or otherwise involving Claimant; (iii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving Claimant; or (iv) an election of remedy. Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor, or by any trustee or representative for the estate of the Debtor, or otherwise.

5. Claimant reserves the right to seek to amend the within claim subject to Court allowance based upon an accounting to be provided under applicable law by the Manager, Estate Fiduciary, and their agents and any jointly liable parties for breaches of fiduciary duty, negligence, and wrongful acts, including any derivative claims for the benefit of the Debtor Estate or otherwise.