```
                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| *In re:*<br>  LIFSCHULTZ ESTATE MANAGEMENT LLC,<br>                                             *Debtor.* | Case No. 16-23144-rdd<br>White Plains, New York<br>February 7, 2017<br>10:45 a.m. - 11:07 a.m. |

```
                            - TRANSCRIPT -
         CHAPTER 11, LIFSCHULTZ ESTATE MANAGEMENT LLC, 16-23144
         HEARING TO CONSIDER APPROVAL OF THE DEBTORS DISCLOSURE
        STATEMENT PURSUANT TO 11 U.S.C (RELATED DOC NOS 30 & 31);
        AFFIDAVIT OF LAWRENCE LIFSCHULTZ STATING OBJECTIONS TO THE
         DEBTOR'S DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. 1125,
           (RELATED DOC #31); FILED BY LAWRENCE LIFSCHULTZ (DOC #41)
                    BEFORE THE HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE
```

A P P E A R A N C E S :

| | |
|---|---|
| *For the Debtor:* | JONATHAN S. PASTERNAK, ESQ.<br>DelBello Donnellan Weingarten Wise<br>One North Lexington Avenue<br>White Plains, New York 10601<br>(914) 681-0200; (914) 684-0288 fax<br>jpasternak@ddw-law.com |
| *Managing Member of Debtor:* | BRUCE ABBOTT |
| *Secured creditor:* | LAWRENCE LIFSCHULTZ<br>P.O. Box 3056<br>Stony Creek, Connecticut 06405<br>(203) 640-1915<br>lawrence.lifschultz@gmail.com |
| *For secured creditor, US Bank, as Trustee:* | NICOLE E. SCHIAVO, ESQ.<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, New York 10022<br>(212) 918-3000; (212) 918-3100 fax<br>nicole.schiavo@hoganlovells.com |
| *Transcriber:* | AA EXPRESS TRANSCRIPTS<br>195 Willoughby Avenue, Suite 1514<br>Brooklyn, New York 11205<br>(888) 456-9716; (888) 677-6131 fax<br>aaexpress@court-transcripts.net |

*(Proceedings recorded by electronic sound recording)*

In re Lifschultz Estate Management LLC - 2/7/17                2

1           THE COURT:  All right.  I'm going to go out of order
2   here and do Lifschultz Estate Management.
3           MR. PASTERNAK:  Good morning again, Your Honor.
4           THE COURT:  Good morning.
5           MR. PASTERNAK:  Jonathan Pasternak, DelBello Donnellan
6   for the Debtor in Possession.  Bruce Abbott, the Managing Member
7   of the Debtor is here as well, Your Honor.
8           THE COURT:  Okay.  Good morning.
9           MR. LIFSCHULTZ:  And Lawrence Lifschultz, Pro Se
10  Creditor.
11          THE COURT:  All right.  Good morning.
12          MR. LIFSCHULTZ:  Good morning.
13          MR. PASTERNAK:  Your Honor, Ms. Schiavo, who
14  represents the Bank, who did not object, asked that I just tell
15  her that we're staring.
16          THE COURT:  Okay.
17          MR. PASTERNAK:  Let me just step out.  She's in the
18  hall here.
19          THE COURT:  All right.
20          (Pause.)
21          THE COURT:  Okay.  So, this is the hearing on the
22  Debtor's disclosure statement.  I think the only objection is
23  Lawrence Lifschultz's objection, correct?
24          MR. PASTERNAK:  That's correct, Your Honor.
25          THE COURT:  Okay.  Okay.  So, I've reviewed that, as

In re Lifschultz Estate Management LLC - 2/7/17          3

1  well as the disclosure statement.  Do you have any changes that
2  you are making separate and apart from what might happen over
3  the next 15 minutes or so?
4           MR. PASTERNAK:  The only other change is that I got a
5  call from the Town of the Mamaroneck, and they're claiming there
6  are some pre-petition taxes.  And they have asked that we create
7  a separate secured class for them.  I don't really have any
8  problem with that.  I mean it could be dealt with as an
9  unclassified claim, but in the amendment, I'm willing to create
10 them as class one secured.
11          THE COURT:  Okay.  Did they file any claim?
12          MR. PASTERNAK:  Yes, they filed a claim.
13          THE COURT:  They did.
14          MR. PASTERNAK:  Yes.
15          THE COURT:  It's a secured claim?
16          MR. PASTERNAK:  Yes.  I mean it's for real estate
17 taxes.
18          THE COURT:  Okay. All right.  So, it will just be an
19 allowed claim.
20          MR. PASTERNAK:  Yes.  There's no dispute over it.
21          THE COURT:  A 1(a) allowed claim.
22          MR. PASTERNAK:  So, we would propose to add that in a
23 revision.
24          THE COURT:  Okay.  All right.  So, I've read --
25          MR. PASTERNAK:  May I sit down, Your Honor?

1   THE COURT: Yes. I've read Mr. Lifschultz's, Lawrence
2   Lifschultz's objection, and I've gone through the plan and
3   disclosure statement, and I had some comments in response to
4   both of those things. Or that were prompted by both of those
5   things. Why don't I go through them?
6   MR. PASTERNAK: Sure.
7   THE COURT: You don't have to accept them, but you
8   need to explain to me why you aren't accepting them. And, Mr.
9   Lifschultz, listen carefully and see whether, in addition to
10  what I'm suggesting the Debtor do to modify this document, you
11  have anything else that you want to address. Okay?
12  MR. LIFSCHULTZ: Yes, sir.
13  THE COURT: All right. So, the first question I have
14  is that I know that Mr. Lifschultz is classified in his own
15  class as a secured claim. How is that a secured claim, as
16  opposed to a claim? Is there a judicial lien? Is there a
17  consensual lien with a mortgage? How is that classified?
18  MR. PASTERNAK: Well, going back to what happened in
19  the Surrogate's Court, there was a settlement of his interest
20  and he was supposed to receive a million-dollar secondary
21  mortgage that could be recorded, provided that the first
22  mortgagee had no objection to it.
23  THE COURT: Okay.
24  MR. PASTERNAK: So, he did go ahead and file that as a
25  mortgage on the property.

In re Lifschultz Estate Management LLC - 2/7/17           5

1        THE COURT:  With the County.  Okay.

2        MR. PASTERNAK:  Yes.

3        THE COURT:  All right.  I think you should drop a
4   footnote that just says that.

5        MR. PASTERNAK:  Okay.

6        THE COURT:  So, if there are any unsecured creditors,
7   they understand why he's there.  You know, if I didn't know the
8   family history here, I would say to myself, why is this relative
9   being given a secured claim?

10       MR. PASTERNAK:  Right.

11       THE COURT:  So, I think you should say he has filed
12  this mortgage.

13       MR. PASTERNAK:  Understood, Your Honor.

14       THE COURT:  Okay.  The second point I had is, given
15  the timing here, until a sale happens, I don't think he's
16  unimpaired, I think he's impaired.  Just like the Trust is
17  impaired.  And Class 2 on Page 11 in the disclosure statement
18  says he's unimpaired.  He's impaired like everybody else.

19       MR. PASTERNAK:  He should be impaired, because if the
20  results of the auction don't trickle down to him being paid in
21  full.

22       THE COURT:  And there's a delay of a few months.  So,
23  I think he's impaired.  And there is a statement, and I think
24  this is just a typo, but on Page 21 in the Liquidation Analysis,
25  it says because all creditors are unimpaired.  In fact, they are

In re Lifschultz Estate Management LLC - 2/7/17                6

1  all unimpaired.  So, that doesn't work.  I think you need to say
2  some other reason why you believe that there'd be better
3  recovery for any creditor in a liquidation.
4            MR. PASTERNAK:  We'll change the reason.
5            THE COURT:  But I think that the rationale stated
6  there in that paragraph just doesn't work.  So, you have to have
7  a different 1129(a)(7) analysis.
8            MR. PASTERNAK:  Okay.
9            THE COURT:  Related to impairment and un-impairment, I
10 think you need to clarify here, and I'm not sure that this was
11 intended or not, but it just raised a question.  Both on Page 11
12 in the disclosure statement, and the similar provision in the
13 plan that it's describing, it says that unsecured creditors will
14 receive up to 100 percent of their allowed claims with no
15 interest.  Do you mean that to be no post-petition interest?
16           MR. PASTERNAK:  Yes.  Right.
17           THE COURT:  All right.  So, you need to address that.
18 And it's both in the plan and the disclosure statement.
19           MR. PASTERNAK:  Got it.  Thank you, Judge.
20           THE COURT:  Okay.  It's on Page 8 of the plan.  Now, I
21 need you to think about this.  I'm not telling you to do this,
22 but clearly and properly, LSF9 is given, under the plan, their
23 right to credit bid.  It seems to me that you run a risk in not
24 giving Mr. Lifschultz a right to credit bid, assuming that he
25 takes care of LSF9.  So, maybe you want to take that risk; maybe

```
                In re Lifschultz Estate Management LLC - 2/7/17          7
 1   it doesn't matter; but I think you should consider that.  And if
 2   you give him that right, you need to spell it out in a way that
 3   makes it clear that, yes, he can credit bid, but he needs to
 4   take care of the prior mortgage.
 5           MR. PASTERNAK:  Subject to.
 6           THE COURT:  Subject to --
 7           MR. PASTERNAK:  Right.
 8           THE COURT:  -- the prior mortgage.
 9           MR. PASTERNAK:  Of course, Your Honor.
10           THE COURT:  Right.
11           MR. PASTERNAK:  There was no intent to divest him of
12   that right under 363(k).
13           THE COURT:  Right.  Okay.
14           MR. PASTERNAK:  He's entitled to it.  But, of course,
15   he has to satisfy the prior lien in full.
16           THE COURT:  Yes, it's subject to the prior lien.
17   Exactly.  But conceivably, you know, if the sale price is what
18   it is, then maybe he doesn't care.  On the sale, is there any
19   update on Houlihan Lawrence retention?  I thought I approved
20   their retention ultimately?
21           MR. PASTERNAK:  Yes.  Yes.
22           THE COURT:  So, you need to update that on Page 7.
23   Page 7 says that it's *sub judice*, but it's not; I granted that
24   application.
25           MR. PASTERNAK:  That's correct, Your Honor.
```

In re Lifschultz Estate Management LLC - 2/7/17          8

1   THE COURT: All right. So, as far as disclosure goes,
2   I think you need to also disclose here a couple of things with
3   respect to the first mortgage. First, Mr. Lifschultz, in his
4   objection, questions whether either of the two interest-holders
5   has any interest in the mortgage. So, you need to disclose
6   that, whether they do or they don't. Whether they're in any way
7   an investor in the Trust, or beneficiary of the Trust, etcetera.
8        MR. PASTERNAK: Sure.
9        THE COURT: The LSF9 Trust.
10       MR. PASTERNAK: They're not, but I want the Court to
11  know that.
12       THE COURT: Well, you can put that in a footnote.
13  Secondly, he raises an issue, which the disclosure statement
14  itself raises, which is whether the first mortgage claim should
15  be allowed in the full amount because of the disputes that were
16  raised earlier. Now, I don't know if the Debtor takes the view
17  that that's now been resolved by the judgment, and therefore
18  you're bound by the judgment, or you've just decided to settle
19  it, but you need to say something on that point.
20       MR. PASTERNAK: Okay. Very good, Your Honor.
21       THE COURT: If it's the judgment, it's easy I think,
22  because that's *res judicata*. If it's just a determination not
23  to push those issues anymore, I think you need to at least say
24  why you're not going to do that anymore.
25       MR. PASTERNAK: It's the former, but we'll disclose

1  that, Your Honor.
2        THE COURT:  Right.  Okay.  All right.  All the cash
3  payments here are going to come out of the sale or refinancing.
4        MR. PASTERNAK:  Correct, Your Honor.
5        THE COURT:  Or credit bid.  I mean it's going to
6  happen one way or another, it appears to me.  Right?  Is there
7  any scenario where --
8        MR. PASTERNAK:  There's another option, sure.  The
9  other option is that --
10       THE COURT:  Well, there's the auction sale.
11       MR. PASTERNAK:  Oh, no.  That the two managing members
12 have the right of redemption.
13       THE COURT:  No, no.  But one way or another, by the
14 deadlines in this plan, the property will be transferred, and
15 the claims will be dealt with by the value of the property,
16 right?  There's no --
17       MR. PASTERNAK:  Yes.  Within the constructs of our
18 liability structure.  Of course.
19       THE COURT:  Right.  Okay.  So, I think the only
20 feasibility issue I have is there is some maintenance that needs
21 to occur between now and that date.  Where is that money coming
22 from?
23       MR. PASTERNAK:  Sure.
24       THE COURT:  I mean the operating reports show that
25 there's a fair amount of money that's been spent on repairs and

In re Lifschultz Estate Management LLC - 2/7/17        10

1   things like that.
2           MR. PASTERNAK:  Absolutely.
3           THE COURT:  So, where is that money coming from?
4           MR. PASTERNAK:  That's coming from the Debtor's
5   principals personally.
6           THE COURT:  All right.  So, I think you should maybe -
7   - maybe on Page 23 just say that.
8           MR. PASTERNAK:  Sure.
9           THE COURT:  You know between now and the sale, the
10  Debtor will at least perform basic maintenance on the
11  property --
12          MR. PASTERNAK:  Oh, yes.
13          THE COURT:  -- that's advanced by the principals.
14  Okay?
15          MR. PASTERNAK:  Well, they're planning on doing that,
16  and then some, Your Honor.
17          THE COURT:  Well, all right.  So, you should say that.
18  Okay.  And I think the last disclosure issue that I had in
19  response to Mr. Lifschultz's objection is, in the disclosure
20  statement, you have a section that says there are no avoidance
21  claims, all right.  But he raises an issue that's separate and
22  apart from avoidance claims, which is that there may be claims -
23  - he asserts there may be claims against the Debtor's two
24  interest-holders for two different things.  The first one is,
25  the fair rental value of the property to them, which he says

In re Lifschultz Estate Management LLC - 2/7/17          11

1  that they have not paid, and should have been paid.  The second
2  thing he says is, and this was much vaguer, but there may be
3  claims against them for having not accepted offers earlier for
4  the property.  So, I think you need to address those two points.
5         MR. PASTERNAK:  Okay.  Sure.
6         THE COURT:  Because the unsecured creditors may well
7  not get paid in full here, and if there is that source of
8  recovery, they need to raise it.
9         MR. PASTERNAK:  Well, I've learned more about this,
10 so, we'll be doing --
11        THE COURT:  And it may come up in the best-interest
12 analysis too.  I mean that's something you should address.
13        MR. PASTERNAK:  Yes.  We'll give an analysis of those
14 two claims.
15        THE COURT:  All right.
16        MR. PASTERNAK:  Within the disclosure statement, so
17 that creditors can decide whether they have any value or not.
18        THE COURT:  Right.  And whether they want to object to
19 confirmation on that basis.
20        MR. PASTERNAK:  Right.
21        THE COURT:  Okay.  All right.  Now, let me just make
22 sure I don't have any others.
23        (Pause.)
24        THE COURT:  Yes, I did have one other comment.
25        MR. PASTERNAK:  Yes, Your Honor?

In re Lifschultz Estate Management LLC - 2/7/17          12

1    THE COURT:  Because the sale, and in particular the
2  auction sale, is going to be obviously post-confirmation, I just
3  wanted to alert you to the fact that there's no specific
4  reservation of jurisdiction in the court on those issues.  And
5  you may want to put that in, both in the plan and the disclosure
6  statement.  It may well be covered just by 1142, but for
7  example, and I'm not saying you have to do this; but if you want
8  to come back and have approval of auction procedures, I don't
9  want to have any issue where I don't have the jurisdiction to do
10 that.
11   MR. PASTERNAK:  All right.
12   THE COURT:  I don't think you have to put it in, but
13 you might want to put it in just to avoid that issue down the
14 road.
15   MR. PASTERNAK:  It can't hurt, in case the parties
16 need it.
17   THE COURT:  Right.  Okay.  So, again, on the credit
18 bid point for Mr. Lifschultz, that comes up in a couple of
19 places in the plan.  It comes up in the definition of credit
20 bid; it comes up in mechanics for the treatment of both LSF9 and
21 Mr. Lifschultz; so, there are a couple of places where you deal
22 with that.  So, those are the changes I want you to make.
23   MR. PASTERNAK:  Okay.
24   THE COURT:  And, so, Mr. Lifschultz, is there anything
25 else that needs to get addressed?

In re Lifschultz Estate Management LLC - 2/7/17       13

1   MR. LIFSCHULTZ:  Well, someone pointed out to me
2 before I came today that there's an entire section that relieves
3 them of any liability, or criminal liability, or if they were
4 involved in theft --
5   THE COURT:  I read that section of your objection, but
6 this Debtor just owns the land and the buildings.  It doesn't
7 own anything else.  It doesn't own any assets of the estate.
8 Right?  It's newly created; it doesn't own any -- you know, if
9 cash walked off after the estate was administered, or jewelry
10 disappeared after the estate was administered or before, those
11 are not claims that would be against this Debtor, because this
12 Debtor is really a special purpose entity that owns the property
13 on Long Island Sound.  That's all it owns.  So, there's no claim
14 -- the creditors of this entity don't have claims against this
15 entity for what happened to assets that this entity doesn't own.
16   MR. LIFSCHULTZ:  Well, I think I -- excuse me.  I'm
17 not interrupting you I hope.
18   THE COURT:  Go ahead.
19   MR. LIFSCHULTZ:  I think at the outset I said that the
20 bankruptcy court should not be used as a tool to perpetrate
21 their fraud.
22   THE COURT:  Right.  But it's --
23   MR. LIFSCHULTZ:  In a sense, suddenly, we were moving
24 in Surrogate's Court to remove my brother as sole executor
25 because of breaches of fiduciary duty and there were liabilities

In re Lifschultz Estate Management LLC - 2/7/17          14

1   that these men had, as depicted in Henry Lievre's damages to the
2   estate, he estimates in 2011 of $15.5 million.  So --
3           THE COURT:  I'm going to say it again, sir, and then
4   we're going to stop this.  All right?
5           MR. LIFSCHULTZ:  Okay.
6           THE COURT:  I don't particular appreciate being told
7   that I'm condoning fraud.  There are two estates here.  There's
8   the Debtor's estate.  That's all the property of the Debtor in
9   front of me.  That's what I have jurisdiction over.  And that's
10  what I have to ensure there's no fraud over.  All right?
11          There's another estate, which is your father's estate,
12  all right?  I don't have jurisdiction over that.  So, the
13  property of that estate is not in front of me.  You have to deal
14  with that elsewhere.  In the Surrogate's Court if you still have
15  standing to do so after your settlement.  Maybe you do; maybe
16  you don't; that's not my issue.  If you try to bring it into
17  this case, and I ruled somehow that I had control over it, I
18  would be reversed immediately, because it doesn't make any
19  sense.  So, you can't raise those issues here.  What you can
20  raise is whether there are claims that this estate, the Debtor's
21  estate, has against anybody.  And those are claims for
22  potentially living rent-free in the property, and potentially, I
23  guess, for some way of, I don't know, harming the value of the
24  real property.  But this estate, the Debtor's bankruptcy estate,
25  is only the real property.  It has nothing to do with what

In re Lifschultz Estate Management LLC - 2/7/17                15

1 happened in the Surrogate's Court.

2        MR. LIFSCHULTZ:  May I respectfully?

3        THE COURT:  No.  I could not be clearer on that issue,
4 and you're just wrong on that one.  And we're not going to spend
5 more time on it.  That's not what courts are supposed to do.
6 It's just not the right forum.  Whether these people, whether
7 your relatives did something against you as a beneficiary of
8 your father's, the decedent's estate, is not before me.  You're
9 not going to get released for anything like that.  The only
10 thing that's going to be dealt with in this case is this
11 property on Long Island Sound.

12        MR. LIFSCHULTZ:  May I ask a question?

13        THE COURT:  Yes.

14        MR. LIFSCHULTZ:  So, in your view, the probate
15 exception "under no circumstances" could apply here?

16        THE COURT:  That doesn't make any sense, sir.  I'm
17 sorry.  I know you're not a lawyer, but that makes no sense.
18 All right?  The probate exception is an exception which isn't
19 really an exception after the Supreme Court case law that the
20 bankruptcy court should defer to the probate court.  But there's
21 nothing to defer to here on the issues that you're concerned
22 about.

23        MR. PASTERNAK:  Your Honor, the release language is
24 simply an 1125(e) explanation.

25        THE COURT:  Right.  I read that very carefully.

```
                In re Lifschultz Estate Management LLC - 2/7/17        16
 1              MR. PASTERNAK:  All right.  I just want to make sure.
 2              THE COURT:  I read it very carefully.
 3              MR. PASTERNAK:  You know my office.
 4              THE COURT:  Okay.  And the other objection was that
 5    the interest-holders shouldn't get preferred over the creditors.
 6    But they're not; they're getting the residual.  So, that
 7    objection didn't really make sense either.  So, I will ask you,
 8    Mr. Pasternak, to email a blackline of the changes to the plan
 9    and the disclosure statement to chambers to see if they're
10    consistent with my comments.  You should copy Ms. Schiavo on
11    that and Mr. Lifschultz.
12              MR. PASTERNAK:  Sure.
13              THE COURT:  That's all I'm focusing on is whether
14    they're consistent with my comments.  If you believe they didn't
15    do that, or there's a glitch, you know you can cc or email
16    chambers, and we'll review it.  And after a couple of days, just
17    to give people a chance to review it, I'll tell you if you need
18    to have anything else in there or not to follow up on what was
19    said today.
20              MR. PASTERNAK:  We'll give parties a reasonable
21    opportunity to review and respond, Your Honor.
22              THE COURT:  All right. Okay.  And then --
23              MR. PASTERNAK:  Of course.
24              THE COURT:  Do you have a date for Ms. Li for a
25    confirmation hearing?
```

```
                In re Lifschultz Estate Management LLC - 2/7/17            17
 1            MR. PASTERNAK:  We don't.
 2            THE COURT:  All right.  So, you can get that.
 3            MR. PASTERNAK:  So, I will get one.
 4            THE COURT:  Right.
 5            MR. PASTERNAK:  We'll work through that.
 6            THE COURT:  Okay.  The order will probably get entered
 7   I would say Friday or Monday given where we are on this.
 8            MR. PASTERNAK:  That's fine.  And I think the dates
 9   are already in April anyway, Your Honor.  So, we're fine on
10   time.
11            THE COURT:  Okay.  All right.
12            MR. PASTERNAK:  All right.  Thank you, Judge.
13            THE COURT:  Thank you.
14                              - o0o -
15
16
17
18
19
20
21
22
23
24
25
```

18

CERTIFICATION

    I, Rochelle V. Grant, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Dated: February 22, 2017

_____
Signature of Approved Transcriber