UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

LIFSCHULTZ ESTATE MANAGEMENT LLC,

Debtor.
---------------------------------------------------------------X

Chapter 11
Case No. 16-23144 (RDD)

### ORDER CONFIRMING SECOND AMENDED LIQUIDATING CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1129

Lifschultz Estate Management LLC, the above-captioned debtor (the "Debtor"), having filed a First Amended Liquidating Chapter 11 Plan dated March 17, 2017 [Docket No. 53] under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and a First Amended Disclosure Statement therefor dated March 17, 2017 [Docket No. 54] (the "Disclosure Statement"); and the Court having entered an Order on March 17, 2017 approving the Disclosure Statement, fixing the time for filing acceptances or rejections of such plan and scheduling a hearing to consider, *inter alia* confirmation of such Plan [Docket No. 55] (the "Scheduling Order"), and a copy of such plan, the Disclosure Statement and the Scheduling Order having been transmitted to all known holders of Claims and Interests in accordance with the Scheduling Order; and the Debtor having filed a Second Amended Liquidating Chapter 11 Plan dated May 22, 2017 [Docket No. 60] (as the same is further amended hereby, the "Plan");[1] before the confirmation hearing; and it appearing that the Plan, as amended, does not adversely change the treatment of any creditor or interest holder with the exception of LSF9, which has consented to such treatment; and no objections to confirmation of the Plan having been filed; and the hearing to consider confirmation of the Plan having been held on May 23, 2017 (the "Hearing"); and upon the entire record of this case, including the record of the Hearing, at which the Court

1

considered and granted an untimely oral objection to the Plan to the extent set forth herein but concluded that the objector had not set forth a sufficient basis for objecting to the Plan's settlement of the LSF9 Claim; and upon all proceedings heretofore had herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  As shown by the Affidavit of Service duly sworn to on March 20, 2017 [Docket No. 56], proper, timely, adequate and sufficient notice of the Hearing to consider confirmation of the Plan to all Creditors, Interest holders and parties in interest has been provided in accordance with the Scheduling Order and the applicable Bankruptcy Rules, and no further or other notice of the Hearing or entry of this Order is necessary.

B.  This Court has jurisdiction over the subject matter of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O) which the Court may decide by final order.

C.  The Plan does not adversely change the treatment of any claim or interest with the exception of the claims of LSF9 and the holders of Professional Fee Claims, which have consented to such changes; the Plan therefore complies with Fed. R. Bankr. 3019(a), and no further notice or solicitation of the Plan or hearing thereon is required as the Plan is deemed accepted by all parties who have previously accepted the prior plan

D.  Pursuant to the Certification of Ballots dated May 22, 2017 [Docket No. 61], the Plan has been accepted in writing pursuant to Section 1126(c) of the Bankruptcy Code by at least one class of creditors as defined in Section 101(10) of the Bankruptcy Code ("Creditors") whose

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

2

acceptance is required by law; and

  E. The applicable provisions of the Bankruptcy Code have been complied with in the Plan and by the Debtor.

  F. The Plan has been proposed in good faith and not by any means forbidden by law.

  G. Insofar as the Plan is a liquidating Plan, confirmation is not likely to be followed by the need for further financial reorganization of the Debtor.

  H. There exists no governmental regulatory commission with jurisdiction over the rates of the Debtor, and therefore Section 1129(a)(6) of the Bankruptcy Code is inapplicable.

  I. With respect to each impaired class of Claims or Interests, each holder of a Claim or Interest of such class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the effective date of the Plan.

  J. The Plan provides that with respect to any Claim of a kind specified in Section 507(a)(8) of the Bankruptcy Code, the holder of any such Claim, if any, will receive payment in full on the Effective Date.

  K. There are no holders of Claims of a kind specified in Sections 507(a)(1), (3), (4), (5), (6) and (7) of the Bankruptcy Code against the Debtor.

  L. All fees payable under 28 U.S.C. § 1930 and 31 U.S.C. §3717 have been paid or will be paid within 30 days after the Effective Date of the Plan.

  M. Sections 1129(a)(13)-(15) of the Bankruptcy Code are not applicable herein.

  N. The Plan satisfies the requirements of Sections 1122 and 1123 of the Code.

  O. There is no other chapter 11 plan that has been moved for confirmation. The Plan

is therefore the only such plan pending before the Court.

P.     All applicable requirements of Section 1129(a) of the Bankruptcy Code have been met with respect to the Plan.

Q.     The Plan as modified by this Order, does not discriminate unfairly, and is fair and equitable, with respect to each class of Claims or Interests that is impaired under, and has not accepted the Plan.

R.     The Plan complies with all the applicable provisions of Section 1129(b) of the Bankruptcy Code.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.     The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court during the Hearing to consider confirmation of the Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2.     The Plan, including any amendments thereto provided for hereunder, is confirmed pursuant to Sections 1129 and 1141 of the Bankruptcy Code.

3.     Article 3.4 of the Plan shall be deemed amended and superseded to read as follows:

> "The Class 3 Secured Claim of Lawrence Lifschultz, to the extent Allowed (a) after determination of the Debtor's Claim objection (b) under Section 506(a) of the Bankruptcy Code, shall be paid, in Cash, up to the full amount of such Allowed Class 3 Claim, together with interest and reasonable legal fees to the extent Allowed under section 506(b) of the Bankruptcy Code, upon the Closing, from the Distribution Fund after the payment the Allowed Claims of Professionals to the extent included under Section 506(c) of the Bankruptcy Code and Allowed Class 1 and Allowed Class 2 Claims in full. In the event, there are insufficient sale proceeds to pay the Allowed Class 3 Claim in full, the unpaid balance of the Allowed Class 3 Claim shall be treated as an Allowed Class 4 Claim in accordance with section 506(a) of the Bankruptcy Code. The Class 3 Claim is Impaired and

4

entitled to vote on the Plan."

4.  To the extent applicable under the Plan, the Debtor shall file with the Bankruptcy Court no later than 210 days after the Effective Date a motion to approve sale procedures in accordance with the timelines set forth in the Plan governing the sale of the Property upon notice and hearing to all creditors, parties filing notices of appearance in the Chapter 11 Case and the United States Trustee. Any unresolved dispute over sale procedures shall be adjudicated by the Bankruptcy Court.

5.  Article 7.2 of the Plan shall be deemed amended and superseded such that the word "*or*" in line 8 of Article 7.2 shall be replaced with the words "*with the exception of*".

6.  The Plan, this Order, and their respective provisions, including but not limited to the injunction provisions, shall be binding upon the Debtor, any lessor or lessee or holdover tenant of property from or to the Debtor, and any and all Creditors, Interest holders of the Debtor and any other party in interest in the Chapter 11 Case, whether or not the Claim or Interest of such Creditor, Interest holder or other party in interest is Impaired under the Plan and whether or not such Creditor, Interest holder or other party in interest has filed, or is deemed to have filed, a proof of Claim or Interest or has accepted or is deemed to have accepted, or has rejected or is deemed to have rejected, the Plan.

7.  The Debtor is hereby authorized and directed to take any and all actions, and execute and deliver any and all instruments and documents that are necessary and appropriate to effect and consummate the Plan and carry out this Order, including but not limited to any and all documentation necessary to effectuate the sale and transfer of the Property as specifically provided for under the Plan, and the Debtor is further directed to fully cooperate with the Purchaser and all other parties in interest in effectuating the sale and transfer of the Property.

8. The post-Effective Date sale of the Property, as provided for in and pursuant to the Plan, is hereby approved and authorized in all respects.

9. As the Plan expressly contemplates the sale of the Property in order to effectuate the Plan, after the Effective Date, the post-Effective Date sale thereof to the Purchaser shall not be taxed under any law imposing a stamp or similar tax as provided for in Section 1146(a) of the Bankruptcy Code including (i) the initial transfer of the Property; (ii) the creation of any mortgage, deed of trust, lien, pledge or other security interest required in connection with such initial transfer; (iii) the making or delivery of any deed or other instrument or transfer from the Debtor to the Purchaser under, in furtherance of, or in connection with the Plan. All such transfers, assignments and sales will not be subject to any stamp tax, or other similar tax held to be a stamp tax, including mortgage recording tax or other similar tax by applicable law; provided, however, that no subsequent transfers of the Property (as defined in the Plan), if any, by any purchaser or assignee of a contract or executory contract shall be exempt from stamp tax under Section 1146(a) of the Bankruptcy Code except to the extent allowable under applicable law or further order of the Bankruptcy Court. All filing and/or recording officers (or any other person or entity with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of Section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax. The Court shall retain jurisdiction with respect to these matters.

10. The sale of the Property pursuant to the Plan shall be free and clear of any and all Claims, liens, and encumbrances therein or thereon, including but not limited to any judgments, lis pendens, equities and Interests of any nature or kind (collectively, "Liens"), with the Liens of

the Class 1, Class 2, and Class 3 Claim holders to attach to proceeds of sale, if any, and be paid from the Plan Distribution Fund to the extent provided for under the Plan, as applicable, and shall constitute a sale under Sections 105, 363(b), (f) and (m), 1123(b)(4) and 1129 of the Bankruptcy Code.  All Liens, including but not limited to (a) the statutory liens of the Town of Mamaroneck for any unpaid real estate taxes, (b) the mortgage Liens of the Class 2 and 3 claimholders, and (c) any monetary judgments for state or local violations shall attach to the proceeds of sale, if any, and, as applicable, be paid in accordance with the Plan to the extent such Liens are valid and enforceable and the Claims secured by such Liens are Allowed.

11.    Any judgments or lis pendens recorded against the Property, subject to terms and conditions governing the sale of the Property pursuant to the Plan, shall, as of the Sale Closing Date, be deemed canceled, terminated, expunged, released, null and void in their entirety and of no further legal force or effect except as expressly assumed by the Purchaser of the Property.

12.    All actions contemplated by the Plan and authorized by this Order shall be deemed authorized and approved in all respects (subject to the provisions of the Plan) in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws, without any requirement of further action by the Board of Directors or manager(s) of the Debtor.

13.    The Debtor shall file a report of sale of the Property containing, *inter alia*, a schedule of all monies disbursed at closing on behalf of the Debtor's estate, within ten (10) days of the Sale Closing Date.

14.    The Debtor and the Disbursing Agent, as applicable, are hereby authorized and directed to (a) file quarterly disbursement reports for each quarter the Chapter 11 Case remains

7

open, (b) pay United States Trustee fees pursuant to 28 U.S.C. § 1930 plus interest due under 31 U.S.C. § 3717 on all disbursements, including Plan payments and disbursements in and outside the ordinary course of the Debtor's business, (c) file quarterly post-Confirmation reports, (d) schedule quarterly post-Confirmation status conferences with the Court until the Chapter 11 Case is either dismissed, converted to a case under chapter 7 of the Bankruptcy Code, or closed, and (e) file a request for a final decree closing the Chapter 11 Case upon substantial consummation of the Plan.

15. In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

16. This Order is a judgment for purposes of Fed. R. Civ. P. 58 as incorporated into the Code by Bankruptcy Rule 9021. The period in which an appeal must be filed shall commence immediately upon the entry of this Order on the docket of the Chapter 11 Case maintained by the clerk of the Court.

17. Notwithstanding Bankruptcy Rules 7062 or 3020(e), this Order shall be effective and enforceable immediately upon entry; the 14-day stay of this Order provided for under Rule 3020(e) of the Federal Rules of Bankruptcy Procedure shall not be applicable.

18. This Court hereby retains jurisdiction pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Bankruptcy Code and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan.

Dated: White Plains, New York
       June 5, 2017

                                      /s/ Robert D. Drain_____
                                      HON. ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE