UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

LIFSCHULTZ ESTATE MANAGEMENT LLC.

                 Debtor
-----------------------------------------------------------X

AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE

Chapter 11
Case No. 16-23144 (RDD)

**AFFIDAVIT BY LAWRENCE LIFSCHULTZ IN SUPPORT OF THE ORDER TO SHOW CAUSE PURSUANT TO RULE 9077-1(A) TO POSTPONE THE SALE AT AUCTION OF THE PROPERTY (BEAUMERE) OF THE DEBTOR SCHEDULED FOR JANUARY 19, 2018.**

**APPEARANCES:**

LAWRENCE LIFSCHULTZ, CREDITOR
& Trustee for Jamal Lifschultz Trust
*Acting Pro Se*
14 Squaw Brook Road
Branford, CT. 06405
203.640.1915

LIFSCHULTZ ESTATE MANAGEMENT LLC
Bruce Abbott, Managing Member
Attorneys for Debtor, Jonathan Pasternak
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue
White Plains, New York 10601
914.681.0200

**DISCUSSION & BACKGROUND**

TO FILE AN 'ORDER TO SHOW' CAUSE RATHER THAN 'A NOTICE OF MOTION' A "clear and specific showing by affidavit of good and sufficient reason why proceeding other than by notice of motion is necessary." [Rule 9077-1(a)]

Two days ago on January 16, 2018 an 'Order to Show Cause' and a 'Verified Petition' (Exhibits A & B) were filed in Westchester Surrogate's Court by Lawrence Lifschultz as a beneficiary, a Creditor and Trustee of the Jamal Lifschultz Trust.

1

JUDGE ROBERT DRAIN had conveyed to LAWRENCE LIFSCHULTZ *pro se*, on previous occasions in Court that LAWRENCE had "to have something going on" in Surrogate Court for the Bankruptcy Court to have a basis for certain action. Although a great deal has been going on in Surrogates Court for several years, the constraints existing on *pro se* litigants are numerous yet invisible to many. Financial constraints are just one of several impediments.[1] There are no public funded advocates in this arena of the law. Finding outstanding representation on a *pro bono* basis is a complex and difficult task. Recently a unique team has come together on a *pro bono* basis capable of moving forward effectively in support of LAWRENCE.

Working intensely the team was only able to complete its work on filing an 'Order to Show Cause' before the Surrogate's Court two days ago. Therefore, it was impossible to file a "Notice of Motion" for a motion before the bankruptcy court in this matter pertaining to the postponement of the sale of BEAUMERE, the LIFSCHULTZ PROPERTY, in Larchmont. The current 'Order to Show Cause' being filed today in the bankruptcy court was contingent on the prior filing of documents in Surrogate Court. Why this was the case will become clear in the discussion ahead.

### FILING OF AN 'ORDER TO SHOW CAUSE' & A 'VERIFIED PETITION' IN SURROGATES COURT

The 'Order to Show Cause' and the supporting Petition now before the Surrogate asks why an order should not be made revoking the Letters Testamentary issued to DAVID K. LIFSCHULTZ regarding the last Will and Testament of SIDNEY LIFSCHULTZ and appointing the Petitioner, LAWRENCE LIFSCHULTZ, and/or another capable, independent third party or third parties as Administrator(s) CTA of the Last Will and Testament of SIDNEY LIFSCHULTZ.

Both documents declare that DAVID LIFSCHULTZ violated the Stipulation of Settlement by transferring certain real property located at 220 Hommocks Road,

---

[1] Judge Jed S. Rakoff has thoughtfully reflected on this issue in his article, "Why You Won't Get Your Day in Court" in the *New York Review of Books*, November 24, 2016.

Larchmont, New York from the decedent's name to LIFSCHULTZ ESTATE MANAGEMENT LLC, an entity in which DAVID K. LIFSCHULTZ held a 50% equity interest. This transfer took place before the ESTATE OF SIDNEY LIFSCHULTZ'S creditors claims had been settled and was not permitted by the Stipulation.

The 'Order to Show Cause' filed in the Surrogate's Court asserts that this transfer was a fraudulent conveyance and was executed without authority of the Surrogate's Court and in blatant violation of the Stipulation. Furthermore, the creation of the Deed in the name of the LIFSCHULTZ ESTATE MANAGEMENT LLC was signed by DAVID LIFSCHULTZ under the designation "Grantor", yet DAVID also identified himself as "Executor" of Sidney's Estate beside his signature. (Exhibit C) The question is by what authority did he execute this transfer. In fact, he had absolutely no authority to undertake such a transfer and in carrying out such a transfer he violated his fiduciary duties as Executor under the Surrogate's Court Procedure Act, Sections 711 and 719.

In plain and simple English, DAVID, the "Executor" of the ESTATE OF SIDNEY LIFSCHULTZ (SIDNEY'S ESTATE) took it upon himself, to "grant" and transfer the principal asset of SIDNEY'S ESTATE to a private corporation in which DAVID held a 50% interest alongside Bruce Abbott, son of my late sister, Marsha Lifschultz Abbott. This was a self-dealing transaction. Bruce Abbott holds the other 50% interest as Managing Member of the LLC. They were and are partners in fraud.

The five-acre waterfront property at 220 Hommocks Road, Larchmont, New York 10538 (also known as BEAUMERE) was appraised at $14.5 million in 2007 by JEFFREY JACKSON, Chairman of the firm Mitchell, Maxwell & Jackson of Greenwich, Connecticut. In a recent conversation between MR. JACKSON and LAWRENCE, Jeff Jackson reaffirmed his appraisal of a decade ago in present market conditions.

This is a textbook example of a self-dealing transaction and a deft attempt at theft of a multi-million dollar asset. The Deed and DAVID'S signature upon it is in this instance the proverbial "smoking gun" of a fraudulent act. Judge Drain, in speaking

3

to LAWRENCE in open Court, noted that these issues could not be addressed in the Bankruptcy Court.

Although in a very similar case Judge Nancy Lord in Brooklyn did address such issues on the basis that bankruptcy courts are Courts of Equity in the English legal tradition of Chancery Courts. Judge Lord confronted a situation where one brother sought through a disguised self-dealing transaction to rob his own brother's widow out of the her husband's share of their father's Estate. Judge Lord forcefully intervened and told attorneys in the case she had the authority to act against a fraudulent transaction.[2] Federal bankruptcy courts are the one example of courts which operate as courts of equity.[3]

Nevertheless, this issue of the fraudulent conveyance of the BEAUMERE PROPERTY has now been placed squarely before the Surrogate's Court as of January 16, 2018. In a recent exchange of letters, the Surrogate's Court suggested to the Petitioner's attorney that we submit an 'Order to Show Cause'.

In the 'Order to Show Cause' before the Surrogate's Court the Petitioner, LAWRENCE has asked the Surrogate to nullify *ab initio* the improper transfer of the real property in the name of decedent's Estate, the ESTATE OF SIDNEY LIFSCHULTZ to LIFSCHULTZ ESTATE MANAGEMENT LLC.

The Petitioner, LAWRENCE, has also petitioned the Surrogate to nullify the Deed that DAVID LIFSCHULTZ issued in the name of LIFSCHULTZ ESTATE MANAGEMENT LLC, pending the lifting of any stay by the U.S. Bankruptcy Court, if required by law.

---

[2] Re: Strathmore Group, LLC, Debtor, Case No. 1-13-45669-nhl, Chapter 11 and Re: Nikolaos Hiletzaris, Debtor, Case No. 1-13-46187, Chapter 11, United States Bankruptcy Court, Eastern District of New York. As an experienced journalist, a foreign correspondent and a published author I have interviewed the attorneys involved in the case of the Hiletzaris brothers and shall be examining the story behind it in greater detail in a book on the Lifschultz case and similar cases that have taken place in Westchester County and elsewhere in New York.

[3] LegalDictionary.com

4

In consulting several legal practitioners and the staff of the U.S. Bankruptcy Court in White Plains, it is our understanding that the automatic stay does not apply to a fraudulent transfer being nullified *ab initio* by the Surrogate's Court nor does the automatic stay apply to the nullification of the Deed of LIFSCHULTZ ESTATE MANAGEMENT LLC if it is deemed to have arisen from a fraudulent transfer of the BEAUMERE property owned by the ESTATE of SIDNEY LIFSCHULTZ. Indeed, the Deed was the vehicle in which the fraudulent transfer travelled.

It was like a magic carpet. One moment BEAUMERE was part of my father's Estate governed by his last Will & Testament and then with the snap of a few fingers it was part of a corporation owned by my brother and my nephew without them having paid even a dollar in consideration for the "transfer" in "ownership" to themselves. It was quite a clever way to acquire an asset worth at least $14.5 million dollars.[4] It might even be considered a brilliant caper in the annals of American crime if they manage to get away with it.

Upon information and belief the automatic stay does not apply if the Surrogate Court decides to nullify the improper transfer and the Deed of the LLC associated with the transfer of the property. According to explanations that have been provided to our legal team, the reason a bankruptcy stay does not apply is because these actions of nullification, if taken by the Surrogate, would be the result of my personally challenging actions by my brother DAVID which constituted breaches of

---

[4] In 2007, David Lifschultz, rejected a $17 million dollar offer by a very interested buyer named Marco Sonnenberg who approached the Estate of Sidney Lifschultz through Sotheby's International. David failed to inform his co-executor, Lawrence, of the offer that was $2.5 million dollars above the highest appraisal on the property. Indeed, he deliberately kept it secret. Mr. Sonnenberg's real estate agent told Lawrence that Mr. Sonnenberg was prepared to bid up to $18.5 but DAVID LIFSCHULTZ refused to negotiate. David did not want to move from the house he lived in since he was a child even though in Sidney's Will he had been given a 90 day option to buy the property after which it would have to be sold. For the details regarding *The Sonnenberg Affair* see: "Defendant's Answer to Verified Complaint, Affirmative Defenses & Counterclaims" by Lawrence Lifschultz, *pro se*, U.S. District Court SDNY, Hon. Edgardo Ramos, Civil Action No: 12-CV-1881 (ER), May 4, 2012. See Second Counterclaim—Breach of Fiduciary Duty, paras #13 & #14, p. 18.

his fiduciary duties. The issue of fiduciary responsibility is under the jurisdiction of the Surrogate's Court and governed by the SCPA and do not apply directly to the company (i.e. the LLC) that later became the Debtor in bankruptcy.

What has happened in the Surrogate's Court has been prompted by my personal action as a beneficiary of my father's Estate, as a creditor, a beneficiary and as Trustee of my son's Trust. In this personal capacity of my approach to the Surrogate's Court to act under the SCPA as a Court not only of Law but also of Equity, I have been informed that the bankruptcy stay does not apply to circumstances where the Surrogate's Court acts to nullify the transfer and the Deed to the LLC associated with the fraudulent transfer. Over the coming days we will continue to research this matter in discussions with Court officials and other legal experts.

There have also been several decisions in the Second Circuit that address this issue: "The Second Circuit has determined that the court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction, but also, the more precise question of whether the proceeding pending before it is subject to the automatic stay." (Erti v. Cir, 1985)
In Baldwin-United (765 F.2d 343, 347 (2d Cir. 1985) the Court stated: "Whether a state court action is stayed may be decided by the bankruptcy court presiding in a debtor's case or by the state court where a case regarding the debtor's estate property is pending ... State courts retain jurisdiction to determine whether or not they have jurisdiction."

In this context, Judge Drain was clearly pointing out during Courtroom discussions why LAWRENCE should approach the Surrogate's Court to resolve these issues.

If there is any doubt on the jurisdiction of the Surrogate Court to nullify the improper transfer of the property belonging to Sidney's Estate, the Surrogate Court

6

can appoint a new fiduciary/executor empowered to approach the bankruptcy court to request a lifting of the automatic stay.

### REASONS FOR POSTPONEMENT OF SALE

Indeed, there is another reason why the sale of BEAUMERE should be postponed until such time as the Surrogate's Court has had time to decide on the Removal of DAVID LIFSHCULTZ as a fiduciary and has decided on the nullification of the fraudulent transfer of the real property and the Deed for the LLC that was created to facilitate the fraud.

Although it is difficult to put a precise time frame on how long will be required for the Surrogate Court to complete these tasks, we believe at least two to three months will be required.

To go ahead with the sale before the actual ownership and title to the real property is addressed would add an entire layer of complexity and confusion to the outcome of any sale. It is in the interest of ESTATE OF SIDNEY LIFSCHULTZ and those who may be interested in purchasing the property that the true ownership of the real property be established prior to sale.

The Surrogate Court will also need time to appoint a new fiduciary or fiduciaries, cum Administrators of the ESTATE OF SIDNEY LIFSCHULTZ who may be required as emissaries to approach the bankruptcy court on an additional issue.

There is a significant fact that has not been acknowledged which the bankruptcy court will need to address and which the new fiduciary or fiduciaries of the Estate will also need to raise with the bankruptcy court once he/she/they are appointed.

The ESTATE OF SIDNEY LIFSCHULTZ (SIDNEY'S ESTATE) was never notified of the bankruptcy sale by auction of the BEAUMERE PROPERTY. The name of SIDNEY'S ESTATE never appears on any of the Service Lists. The Executor of SIDNEY'S ESTATE did not make a claim to ownership of the real property. Clearly, DAVID did

not do so because he was enmeshed in a conflict of interest and the execution of a fraudulent act. Nevertheless, SIDNEY'S ESTATE ought to have been notified of the sale.

Once a new fiduciary or fiduciaries have been appointed he/they will have authority to act on behalf of the ESTATE OF SIDNEY LIFSCHULTZ and to inform the bankruptcy court that SIDNEY'S ESTATE is the rightful owner of the BEAUMERE PROPERTY and that the bankruptcy estate/debtor LLC had acquired title by fraud.

The Managing Member of the LLC, BRUCE ABBOT and DAVID LIFSCHULTZ, a Member of the LLC, both equal equity holders in the LLC had no interest in notice being given to the ESTATE OF SIDNEY LIFSCHULTZ, precisely because the bankruptcy estate was being run by the same people who perpetrated the fraud. BRUCE and DAVID have had a conflict of interest in that the rights of the ESTATE OF SIDNEY LIFSCHULTZ are at odds with their own interest as the owners of the LLC which they formed to take title to the real property and which they have claimed is the property of the bankruptcy estate.

A new fiduciary of the ESTATE OF SIDNEY LIFSCHULTZ, untainted by fraud, will be able to assert before the bankruptcy court that SIDNEY'S ESTATE, not the LLC, is the right owner of the BEAUMERE PROPERTY and should have been provided notice of the sale. A Court of Equity is charged with achieving justice and in the name of justice the reality of what has happened in this situation needs to be grasped with complete honesty in its entirety with respect to the fraudulent transfer involved in this case.

In re Catholic Bishop of Northern Alaska, 525 B.R. 723 (D. Alaska. February 12, 2015) deals with the questions of whether those claiming to be the rightful owners of property that is the subject of a bankruptcy auction sale violated the automatic stay by bringing a quiet title action. (Exhibit D) However, it also addresses another issue that is at the heart of this bankruptcy proceeding. It established that those who claim to be the true owners of a property being offered in a bankruptcy sale have

8

"the right . . . to receive actual notice of the proposed sale." The ESTATE OF SIDNEY LIFSCHULTZ never received "actual notice of the proposed sale".

On these grounds, in addition to the other reasons given to allow time for the Surrogates Court to appoint new fiduciaries/administrators of the Estate of Sidney Lifschultz, the sale of the BEAUMERE PROPERTY should be postponed for two to three months, or until such time as the Surrogate Court has completed its tasks.

Date: January 18, 2018

_____
LAWRENCE LIFSCHULTZ, CREDITOR &
Trustee of the Jamal Lifschultz Trust