UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                                        :
                                                              :
LIFSCHULTZ ESTATE MANAGEMENT                                  :
LLC,                                                          :
          Debtor.                                         :
--------------------------------------------------------------x
LAWRENCE LIFSCHULTZ,                                          :     **OPINION AND ORDER**
          Appellant,                                      :
                                                              :     18 CV 1962 (VB)
v.                                                            :
                                                              :
LIFSCHULTZ ESTATE MANAGEMENT                                  :
LLC and LSF9 MASTER PARTICIPATION                             :
TRUST,                                                        :
          Appellees.                                      :
--------------------------------------------------------------x

Briccetti, J.:

      Lawrence Lifschultz, secured creditor of debtor Lifschultz Estate Management LLC, appeals pro se from the United States Bankruptcy Court for the Southern District of New York's (Drain, J.) February 5, 2018, "Order (1) Confirming Results of Auction Sale of the Debtor's Real Property, (2) Authorizing Sale of the Real Property Pursuant to Bankruptcy Code Sections 363(b), (f), and (m), and Debtor's Confirmed Chapter 11 Plan, and (3) Granting Related Relief." In re Lifschultz Estate Mgmt. LLC, No. 16-23144 (Bankr. S.D.N.Y. Feb. 5, 2018), Dkt. 77.

      Now pending is appellee LSF9 Master Participation Trust's ("LSF9") motion to dismiss the appeal as statutorily moot pursuant to 11 U.S.C. § 363(m). (Doc. #22).

      For the reasons set forth below, the motion to dismiss is GRANTED except to the extent appellant argues LSF9 was not a good faith purchaser, as to which the Bankruptcy Court's decision is AFFIRMED.

1

**BACKGROUND**

The Court assumes the parties' familiarity with the factual background and briefly summarizes only the relevant procedural history.

On August 23, 2016, Lifschultz Estate Management LLC ("debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, certifying it had a single real estate asset (the "Property"). LSF9 and Lawrence Lifschultz ("appellant") were secured creditors of the debtor.

Judge Drain confirmed the debtor's Second Amended Liquidating Chapter 11 Plan (the "Plan") on June 5, 2017. The Plan provided debtor 150 days to attempt to refinance or sell the Property. In the event debtor was unsuccessful in selling or refinancing the Property, the Plan required debtor to enter into a contract of sale with LSF9 as a stalking horse bidder for an amount no less than LSF9's allowed secured claim and to subsequently conduct a public auction of the Property. The Plan permitted LSF9 to bid its allowed secured claim in full at the auction, in accordance with Bankruptcy Code Section 363(k).

Debtor failed to sell the Property within the allotted 150 days and was therefore required to enter into a stalking horse contract with LSF9. Debtor then moved for an order approving bidding procedures and scheduling an auction and sale hearing. Judge Drain issued such an Order on January 3, 2018. However, LSF9 submitted the only qualified bid, and therefore the auction was cancelled and LSF9 was deemed the winning bidder.

Judge Drain held a Sale Hearing on February 2, 2018, and on February 5, 2018, entered an "Order (1) Confirming Results of Auction Sale of the Debtor's Real Property, (2) Authorizing Sale of the Real Property Pursuant to Bankruptcy Code Sections 363(b), (f), and (m), and Debtor's Confirmed Chapter 11 Plan, and (3) Granting Related Relief." Among other things, Judge Drain found:

2

> The terms and conditions set forth in Auction Procedures for the Sale of the Property were fair and reasonable, and resulted in a sale transaction that was negotiated in good faith and at arm's-length and without collusion or fraud. Purchaser [LSF9] is acquiring the Property in good faith within the meaning of Bankruptcy Code section 363(m), and is therefore entitled to the protections afforded by that statutory provision.

Order at 5, In re Lifschultz Estate Mgmt. LLC, No. 16-23144 (Bankr. S.D.N.Y. Feb. 5, 2018), Dkt. 77. Appellant appealed the February 5 Order.

On April 12, 2018, Judge Drain compelled debtor's compliance with the confirmation and sale orders and ordered debtor to deliver the Property vacant to LSF9 on or before April 30, 2018. Sale of the Property closed on April 30, 2018.

On May 1, 2018, the Clerk docketed in this appeal appellant's motion for a stay pending appeal, dated April 27, 2018. On May 2, 2018, this Court denied the motion, holding even if the Court had been aware of the motion prior to the sale, it would have "immediately denied it as procedurally defective under Fed. R. Bankr. P. 8007(b)(2)," as appellant had not moved for a stay in the Bankruptcy Court or shown that doing so would be impracticable. (Doc. #20 at 1).

## DISCUSSION

### I.    Standard of Review

District courts review a bankruptcy court's conclusions of law de novo and its findings of fact for clear error. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009). The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases).

### II.    Motion to Dismiss

LSF9 argues the Court should dismiss the appeal as statutorily moot pursuant to 11 U.S.C. § 363(m).

3

The Court agrees, except to the extent appellant argues LSF9 was not a good faith purchaser. In that regard, the Court affirms the Bankruptcy Court's decision.[1]

Bankruptcy Code Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Thus, "appellate jurisdiction over an unstayed sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser." In re Gucci, 105 F.3d 837, 839 (2d Cir. 1997) ("Gucci I") (emphasis removed). "[A] rule limiting appellate jurisdiction over unstayed sale orders to the issue of good faith furthers the policy of finality in bankruptcy sales, and assists the bankruptcy court to secure the best price for the debtor's assets." Id. (internal citations omitted).

"[T]he good-faith analysis is focused on the purchaser's conduct in the course of the bankruptcy proceedings." In re Gucci, 126 F.3d 380, 390 (2d Cir. 1997) ("Gucci II"). "This includes the purchaser's actions in preparation for and during the sale itself. That is, the good-faith requirement prohibits fraudulent, collusive actions specifically intended to affect the sale price or control the outcome of the sale." Id. Thus, "[a] purchaser's good faith is lost by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." Id. (internal quotation omitted) (collecting cases). "Courts in this district have repeatedly relied on the lack of any evidence of bad faith when affirming a

---

[1] As the Court affirms the Bankruptcy Court's finding that LSF9 was a good faith purchaser, it need not address LSF9's argument that appellant waived his objection to LSF9's good faith purchaser status.

4

good faith purchaser finding." In re Magnesium Corp. of Am., 571 B.R. 534, 541 (S.D.N.Y. 2017) (collecting cases).

Here, this Court denied plaintiff's motion for a stay—which, in any case, was itself moot because the Clerk docketed it (and therefore the Court received notice of it) after the sale occurred. Therefore, the appeal is statutorily moot except to the extent appellant argues LSF9 was not a good faith purchaser.

Appellant presents no evidence of fraud, collusion, or an attempt to take grossly unfair advantage of other bidders—in other words, no evidence of bad faith. Indeed, appellant fails to cite any portion of the record supporting his assertion that LSF9 was not a good faith purchaser. Cf. In re Metaldyne Corp., 421 B.R. 620, 625 (S.D.N.Y. 2009) (affirming Bankruptcy Court's finding of good faith as appellant "fail[ed] to cite to any portion of the record" supporting its assertion that the Bankruptcy Court erred in finding good faith).

Appellant challenges only LSF9's status as a secured creditor. Judge Drain rejected this argument at the February 2, 2018, sale hearing as barred by principles of res judicata and the Rooker-Feldman doctrine (and potentially sanctionable under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927) because the issue had already been decided in confirming the Plan and in a 2016 state court foreclosure action. (Feb. 2, 2018, Hearing Transcript at 27–28, In re Lifschultz Estate Mgmt. LLC, No. 16-23144 (Bankr. S.D.N.Y. Feb. 5, 2018), Dkt. 91). Appellant does not provide any reason to disturb Judge Drain's finding that res judicata and the Rooker-Feldman doctrine bar appellant's argument. Moreover, even if appellant had addressed Judge Drain's holdings, appellant's argument is plainly insufficient to show LSF9 was not a good faith purchaser, as it has no bearing on whether LSF9 fraudulently or through collusive actions intended to affect the sale price or control the outcome of the sale. See Gucci II, 126 F.3d at 390.

5

Accordingly, the appeal is statutorily moot except to the extent appellant argues LSF9 was not a good faith purchaser, and in that respect, the Court affirms Judge Drain's finding of good faith.

## CONCLUSION

The motion to dismiss is GRANTED except to the extent appellant argues LSF9 was not a good faith purchaser, as to which the Bankruptcy Court's decision is AFFIRMED.

The Clerk is instructed to terminate the motion (Doc. #22) and close this case.

The Clerk is further instructed to mail a copy of this Opinion and Order to appellant at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: March 25, 2019
      White Plains, NY

                        SO ORDERED:

                        _____
                        Vincent L. Briccetti
                        United States District Judge